AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| ETHAN DOMINIC JELLEYMAN | ) | |
| | ) | 6:26-mj- 1594 |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____ April 30, 2026 _____ in the county of _____ Orange County _____ in the
_____ Middle _____ District of _____ Florida _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2252A(a)(1) | Transportation of Child Pornography |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Andrew Mroczkowski, Special Agent
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me
pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 5/20/2026

_____
*Judge's signature*

City and state:          Orlando, FL                    NATHAN W. HILL, U.S. Magistrate Judge
*Printed name and title*

**STATE OF FLORIDA**                    **CASE NO. 6:26-mj-**1594

**COUNTY OF ORANGE**

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Andrew Mroczkowski being duly sworn, do hereby state the following:

1.      This affidavit is submitted in support of a criminal complaint against Ethan Dominic JELLEYMAN for a violation of 18 U.S.C. § 2252A(a)(1) (Transportation of Child Pornography). As set forth in more detail below, there is probable cause to believe that, on or about April 30, 2026, JELLEYMAN knowingly transported child pornography in foreign commerce.

2.      I am a Special Agent (SA) employed with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), and have been so employed since December 2010. I am currently assigned to the Orlando, Florida, office of HSI, and my duties include the enforcement of federal criminal statutes, including but not limited to, Titles 8, 18, 19, 21, and 31 of the United States Code. I am a law enforcement officer of the United States within the meaning of 19 U.S.C. § 1401(i) and am empowered to investigate and make arrests for violations of United States criminal laws within the meaning of 18 U.S.C. § 2510(7). In addition, in July 2022, I completed the Treasury Computer Forensic Training Program becoming a Computer Forensic Agent (CFA) for HSI trained to conduct extractions, analyses, and preservation of digital evidence from computers, smartphones, and storage

devices for criminal investigations. Prior to being employed as a Special Agent, I was an Import Specialist (IS) with Customs and Border Protection since 2006.

3.    My formal education includes a bachelor's degree in Natural Science from Saint Peter's College in New Jersey. Through numerous advanced law enforcement-training programs, I have received specialized training in the investigations of sex crimes, child exploitation, child pornography, and computer forensics. I have participated in training courses for the investigation and enforcement of child pornography laws in which computers, smartphones, or other electronic devices are used as the means for receiving, transmitting, and storing child pornography.

4.    I have been involved in investigations involving child pornography, the creation of child pornography, and online solicitation/enticement of minors. I have participated in investigations of persons suspected of violating federal child pornography laws, including violations of 18 U.S.C. §§ 2251, 2252, 2252A, 1470, and 2422. Additionally, I have participated both as an HSI Special Agent and Computer Forensic Agent in the execution of search warrants involving searches and seizures of computers, computer equipment, software, and electronically stored information as well as the extraction and analysis of the devices.

5.    Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint, I have not set forth each and every fact learned during the course of this investigation.

**PROBABLE CAUSE STATEMENT**

6.      On April 30, 2026, Ethan Dominic JELLEYMAN departed the United Kingdom (UK) at London Heathrow airport and arrived at the Orlando International Airport (MCO) via a commercial flight. Upon his arrival to the United States, Customs and Border Protection (CBP) Officers referred JELLEYMAN to secondary inspection due to suspected possession of child sexual abuse material (CSAM) on his phone. The suspicion arose from a CyberTip and analysis of financial transactions indicating that a United Arab Emirates (UAE) financial account holder received multiple payments referencing Telegram channels advertising the sale of illicit materials, including "Rape Files," depictions of adults engaging in sexual acts in the presence of children, bestiality, and videos involving minors, specifically referenced as "extra pretty young teens" and children in Grade 7. JELLEYMAN was listed as a purchaser. A CBP officer initiated an inspection  of JELLEYMAN and seized  his phone. The CBP officer then placed the device into airplane mode disabling the device's capacity to connect to the internet, therefore isolating the local data on the device. The CBP officer asked JELLEYMAN about ownership of the device to which JELLEYMAN responded stating that the device belonged to him and that he is the only user of the phone.

7.      Following a basic review of JELLEYMAN's cellphone, CBP officers observed several videos depicting age-questionable females engaged in sexual acts and links within social media applications with language such as, "pretty little teenies".  CBP contacted HSI Orlando Human Exploitation Group (HEG) and

informed HSI of the findings. CBP requested that HSI conduct additional forensic analysis of JELLEYMAN's mobile device based on reasonable suspicion that CSAM may be present elsewhere on the device.

8. Subsequently, I responded to MCO to retrieve the cellular device, a Samsung Galaxy S24 Ultra, that had been detained from JELLEYMAN pursuant to a border search. I then submitted the device for further forensic review. The forensic image process for JELLEYMAN's Samsung Galaxy S24 Ultra revealed the following device identifiers: Device Model SM-S928B, Device Name "Ethan's S24 Ultra", Serial number R3CZB04FRKN, Last Restore from Backup April 18, 2025 at 06:55 PM, and Phone Activation Time April 19[1] at 4:21:42.

9. The following emails, usernames, and account names, among others, were observed on JELLEYMAN's device: Google – ethanjelley@gmail.com; Samsung – ethanjelley@gmail.com; Facebook name "Ethan Jelleyman" with a profile picture depicting JELLEYMAN; WhatsApp – "Ethan J" with profile picture depicting JELLEYMAN; Snapchat – name "Ethan J" and user "ejelleyman"; Telegram - name "Ed J" and user "Edj2022"; Kik – name "Ethan J" and user "ejelleyman"; and Tik Tok – "ethanjelleyman". Multiple images and videos were observed on the forensic extraction of "Ethan's S24 Ultra" depicting JELLEYMAN in various environments to include some sexual related videos. These observed

---

[1] The phone stores information in a computer-coded format. During the initial review, agents could see the activation date and time, but the computer data did not include the year. A more detailed examination may locate additional information that identifies the year.

findings help establish JELLEYMAN as the owner of the device. And the accounts used on the device registered in other names appear to belong to JELLEYMAN. For example, the "Ed J" Telegram account is linked to phone number (+44 7484 204835), which is same number used for JELLEYMAN's WhatsApp account. Notably, moreover, the Telegram name "Ed J" seems to be comprised of the initials of the defendant's three names: Ethan Dominic JELLEYMAN.

10.     Further forensic extraction and analysis done at the HSI Orlando forensic lab revealed multiple multimedia files depicting CSAM located in various directories, social media, and chat applications from the forensic extraction of the device. I performed an initial analysis of the forensic extraction, during which I observed multiple CSAM files within an application called, "Potato Chat". specifically, I located these files while conducting a search of the Potato Chat application directory, "org.potato.messenger.web". I observed the following files: A 2 minute 39 second video depicting an adult female licking the vagina of an infant less than one year of age and then inserting her pinky finger into the infant's anus. A second part to the same video depicts an adult erect male penis being forcibly inserted into the mouth of an approximately one year of age baby's mouth while the adult male puts his hand on the back of the baby's head pressing down. The file modification date listed for this file was October 27, 2025, meaning the file existed and was last modified on that date.

11.     A second representative file was a 14 minute 31 second video which depicts an adult female inserting into her mouth the erect penis of a pre-pubescent

male, approximately 4-8 years of age. The remainder of the video depicts the pre-pubescent boy, approximately 4-8 years of age, inserting his erect penis into the adult female's vagina in different sexual positions and acts. The file modification date listed for this file was November 15, 2025.

12.    A third representative file was a 58 second video which depicts an adult female inserting the erect penis of a pre-pubescent male, approximately  8-10 years of age, into her mouth while being watched by two other children, a pre-pubescent female, approximately 8-10 years old, only wearing underwear and a shirtless pre-pubescent male, approximately 8-10 years old. The file modification date listed for this file was July 19, 2025.

13.    I opened the Potato Chat application on JELLEYMAN's physical device. The phone remained in airplane mode isolating the device from the internet and retaining the integrity of the files. The account name identified in the Potato Chat application was, "Frank D[2]". Upon opening the Potato chat application, several group chats were identified named "pretty kitty world", "Black", "Children" and others. Each of the group chats were observed to contain multiple videos and images of CSAM.  The beginning dates of the observed CSAM thumbnails within the group chats were April 23 ("pretty kitty world"), April 7 ("Black"), and February 21 ("Children"). In a group chat with a Potato Chat user, "Jackson Us",

---

[2] In my training and experience it is not uncommon for individuals using social media applications to obtain CSAM to register their social media accounts in names other than their own.

JELLEYMAN asked, "can you send me this video" located under an image/thumbnail of CSAM. The date observed in this chat was April 19.[3]

14.    I observed over 700 videos contained within the Potato Chat application on JELLEYMAN's phone that, based on my training and experience, appeared to be images of CSAM and child erotica.

15.    Additionally, a preliminary name search of "Telegram" within the media files of the extraction revealed additional CSAM files. One CSAM file within Telegram is a 58 second video depicting a post pubescent female sitting naked on top of the head of a pre-pubescent female, approximately 8-10 years old, who is placing her tongue onto the vagina of the post pubescent female. The file modification date listed for this file was January 9, 2026. One account name observed for Telegram was "Ed J" and username "Edj2022".

16.    At the time of the border search and throughout the forensic process, the phone was in airplane mode which severs the connection to the cloud. Thus, there is probable cause to believe all the CSAM files viewed were physically located on the phone itself, which was transported into the United States on April 30, 2026, by JELLEYMAN.

---

[3] The chat did not identify the year.

## CONCLUSION

17.    Based on the above, I submit that there is probable cause that on April 30, 2026, Ethan Dominic JELLEYMAN knowingly transported child pornography in foreign commerce when he traveled from the United Kingdom to the United States.

_____
Andrew Mroczkowski, Special Agent
Homeland Security Investigations

Affidavit submitted by email and attested to me
as true and accurate via Zoom consistent
with Fed. R. Crim. P. 4.1 and 4(d)
before me this __20th__ day of May 2026.

_____
NATHAN W. HILL
United States Magistrate Judge